IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00313-CR

 

Billy Dean Walker, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2002-1076-C

 



DISSENTING Opinion



 

            I
join sections I, II, and III of the lead opinion.  Because I disagree with the
conclusion in section IV, I dissent to the judgment.  Alternatively, I would
reverse because of ineffective assistance of counsel in not requesting a
dismissal (issue two discussed in Section V).  I do not discuss the issues in
sections VI or VII.

Federal Precedent

            The
Interstate Agreement on Detainers is a “congressionally sanctioned interstate
compact” between forty-eight states, the Federal Government, and the District of Columbia.  See U.S. Const. art. 1, § 10, cl. 3;  Tex. Code Crim. Proc. Ann. art. 51.14 (Vernon 1979).  As such, it is a federal law subject to federal construction.  See New York v. Hill, 528 U.S.110, 111, 120 S.Ct. 659, 662, 145 L.Ed.2d 560 (2000).

            My
difference with the lead opinion is not about whether a defendant can waive his
rights under Article III of the IAD—he can.   The question is: “what must the
record show to establish a waiver?”  The lead opinion finds waiver from a
silent record; I believe that federal law requires that the record
affirmatively show a waiver.

            Hill,
the most recent decision under Article III, turned on the question of whether defendant’s
counsel, as opposed to the defendant personally, could effect such a waiver,
and the Court held that counsel can.  Id. at 114-15, 102 S.Ct. at 664.  What
suffices for waiver, however, depends on the nature of the right at issue.   Id. at 114, 120 S.Ct. at 664.  Hill moved to dismiss the indictment, arguing that
the IAD's time limit had expired, and in denying the motion, the trial court
concluded that “defense counsel's explicit agreement to the trial date
constituted a waiver or abandonment of defendant’s rights under the IAD.”   Id. at 113, 120 S.Ct. at 663.  Thus, unlike the record before us, the record in Hill
sufficiently demonstrated a waiver.   Applying federal precedent, I would
sustain Walker’s issue.

Texas
Precedent

            In
applying Texas precedent, the lead opinion inverts the Marin analysis by
saying, in effect, “because it is a right that may be waived by implication, it
must be a category three right.”  The correct analysis is to determine the
category of the right based on the source of the right.  Marin v. State,
851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (rights are of three distinct kinds:
absolute requirements and prohibitions; rights of ligitants which must be
implemented unless waived; and rights to be implemented upon request).  Only
after determining the nature of the right can one look to Marin to
determine the duties of the respective players in the judicial system with
respect to the right, i.e., the court must implement a category-one
right, the litigant must request a category-three right, and the court must
implement a category-two right as an independent duty absent an effective
waiver, which must be given “plainly, freely, and intelligently, sometimes in
writing and always on the record.”  Id. at 279-80.

            In
my view, the right to a dismissal under Article III of the IAD is a category-two
right.  See Tex. Code Crim. Proc.
Ann. art. 51.14, Art. III;  Marin, 851 S.W.2d at 279.  The Act is
the source of the right being categorized, and the language of the Act
uniformly imposes a strict sanction for failing to meet its requirements—“dismissal
with prejudice”—and uniformly prescribes that charging instruments and
detainers shall, when the time limit expires, cease to be of any further “force
or effect.”  Tex. Code Crim. Proc. Ann. art.
51.14, Art. III(d), Art. V(c).  The language of the Act demonstrates statutory requirements
under Article III that must be implemented unless waived.

To place the right to a dismissal in category
three, the lead opinion also draws an artificial distinction between express
waivers and implied waivers.  Marin itself is somewhat
inconsistent—sometimes it says “express waiver” and sometimes it just says
“waiver.”[1]  
Given the statute at issue in Marin, one in which the legislature
expressly provided for waiver only “with the consent of the defendant in
writing or on the record in open court," it is easy to understand why the
opinion would, at times, refer to express waiver.   The court did not, however,
discuss the distinction that the lead opinion now makes by plucking “expressly
waived” from a single sentence in Marin.  Lead opinion at 6.  The
general language describing the three categories of rights speaks of “waivable
rights,” “rights which are waivable only,” and “waivable rights, on the other
hand, do not vanish so easily.”  Thus whether the waiver must be express or may
be implied is not a proper criterion in categorizing rights under Marin.


            Furthermore, I
believe the lead opinion misconstrues New York v. Hill, to bolster its
position.  Hill, 528 U.S. at 118, 120 S.Ct. at 666.  The Supreme Court
noted that the “necessary or reasonable continuance” provision is the sole means
by which the prosecution can obtain an extension of the time limits over the
defendant’s objections.  The Act requires that any such continuance be for
“good cause,” be granted in open court, and that the defendant or his counsel
be present.  Distinguishing between such continuances and “agreed-upon
extensions,” the Court decided that the action of counsel alone can be
sufficient under the act; express assent from the defendant is not required. 
Reciting the trial court’s finding that “defense counsel’s explicit agreement
to the trial date set beyond the 180-day statutory period constituted a waiver
or abandonment of defendant’s rights under the IAD,” the Court upheld that
court’s denial of a motion to dismiss.  Id. at 113, 120 S.Ct. at 663
(emphasis added).   Thus, in Hill, there was an express waiver,
consistent with the right to a dismissal under Article III as being a category-two
right requiring implementation unless waived on the record, even under the lead
opinion’s interpretation.

            Using
 Texas precedent, I would hold that the right to a dismissal with prejudice under
Article III of the IAD is a category-two right, waivable by the defendant.  However, unlike the lead opinion’s
determination that the right was forfeited by a silent record, I would examine
whether the record adequately establishes that Walker waived his rights under
the IAD.

What is required to establish waiver?

            As
noted above, Marin describes the process: [“The defendant] is never
deemed to have done so in fact unless he says so plainly, freely, and
intelligently, sometimes in writing and always on the record.”  Marin,
851 S.W.2d at 280.

Here, the record is silent.   The State concedes
that nothing in this record shows whether the continuance was “agreed-upon,”[2]
for “good cause,” in open court, or with counsel or Walker present.  Thus, no
extension of the time limit can be justified by that part of Article III.   

Did Walker “plainly, freely, and intelligently”
waive this right?  We know he did not do so in writing.   And the State agrees that
the record is silent about it.  Thus, I would hold that the record does not
establish that Walker waived his category-two right to a dismissal under Article
III of the IAD.

            Waiver
under the IAD is not established.  Walker is entitled to a dismissal.  I would
enter a judgment dismissing the case with prejudice.  Thus, I respectfully
dissent.

            If
the right to a dismissal is ultimately determined to be forfeitable as a
category-three right, it is self-evident under this record that counsel’s
failure to request a dismissal constitutes deficient performance and that such
failure prejudiced Walker because the outcome would have been a dismissal. 
Thus, in the alternative, I would sustain issue two and remand the cause to the
trial court for a new trial.

            

 

BILL VANCE

Justice

 

Opinion
delivered and filed July 19, 2006

Publish

 









[1]
By my count, the number of times “waiver” alone is used in the opinion exceeds
the number of times “express waiver” is used.





[2]
The Court specifically reserved the question of under what circumstances an
agreed-upon delay could fit within the good-cause provision.  Hill, 528 U.S. at 116 n.1, 120 S.Ct. at 665 n.1.